**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WALTER DE LEON MENDEZ,
Petitioner,
v.
FERETI SEMAIA, *et al.*,
Respondents.

Case No. 2:26-cv-05703-DMK

**ORDER GRANTING HABEAS PETITION AND BOND HEARING**

Petitioner Walter de Leon Mendez is a native and citizen of Guatemala who has been physically present in the United States since July 2004. ECF 1 at ¶ 1. On November 13, 2025, Petitioner was approached by three masked men armed with pistols and bullet proof vests in an unmarked vehicle, and was arrested and detained without any warrant or pre-detention hearing. *Id.* at ¶¶ 3–7.

On May 14, 2026, Petitioner received a bond hearing, at which the Immigration Judge ("IJ) ordered release on a $65,000 bond and enrollment in the Alternatives to Detention program, at DHS' discretion. ECF 1-2. Through the instant petition, Petitioner alleges his constitutional rights were violated when the IJ set an "excessive and unattainable bond of $65,000." ECF 1 at ¶ 9. In particular, Petitioner contends that when the IJ set bond at such a high amount, he failed to consider whether Petitioner actually had the ability to pay the bond

amount, or whether less restrictive alternatives would have sufficiently served the government's interests. As such, Petitioner contends he is entitled to either immediate release or a reduction of the bond amount to $1,500. *Id.* at 18.

On July 23, 2026, the Court held a status conference on the matter, and asked Respondents to provide the Court with a complete copy of the record from the May 14, 2026, custody redetermination hearing. ECF 15. In response to the Court's Order, the parties provided the Court with a complete copy of the record, as well as additional briefing. ECF 16-18.

The Court has reviewed the materials submitted, and finds that the IJ failed to consider either Petitioner's ability to pay for a $65,000 bond, or alternative release conditions. Indeed, the IJ did not inquire about Petitioner's financial resources at all when he set the bond amount. *See* ECF 12, 16.

Such a failure to consider Petitioner's financial ability to pay is contrary to Ninth Circuit law. In *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), the Ninth Circuit considered whether due process requires immigration judges to consider detainees' ability to pay when setting the amount of bond and whether due process requires consideration of alternative forms of release. Like Petitioner, the class of detainees in that case had "been determined to be neither dangerous nor so great a flight as to require detention without bond." *Id.* at 990. As the Ninth Circuit explained, "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings, but any detention incidental to removal must 'bear[ ] [a] reasonable relation to [its] purpose.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S.678, 690 (2001)). Thus, "[a] bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests." *Id.* at 991. Accordingly, the Circuit Court concluded, "due process likely requires consideration of financial circumstances and alternative conditions of release." *Id.*

Here, the Court finds that Petitioner's right to due process was violated when the IJ did not consider Petitioner's ability to pay when setting a bond amount of $65,000, and thus effectively denied Petitioner relief.

Accordingly, the Court GRANTS the petition for writ of habeas corpus. Respondents are ORDERED to provide Petitioner Walter de Leon Mendez (A# 240-500-215) with a new hearing before an IJ within seven days, and the hearing shall be limited solely to consideration of the bond amount. The IJ shall: (1) make explicit findings regarding Petitioner's financial ability to pay any bond imposed, and (2) consider any alternative, non-monetary conditions of release, consistent with *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017).

Respondents are ordered to file a status report within 72 hours of the completion of the hearing.

IT IS SO ORDERED.

DATED: October 23, 2026

HONORABLE DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE